DIXEY (UNITED STATES v.). See Case No. 14,967.

## Case No. 3,927.

### Ex parte DIXON.

Circuit Court, District of Columbia. Sept. 7, 1860.

PATENTABLE NOVELTY—MODE OF BOOKKEEPING.

[A mode of bookkeeping whereby a balance sheet and statement of assets and liabilities are constantly shown on a single sheet, thus obviating reference to the ledger, is not patentable.]

[Appeal from the commissioner of patents.]

[Application by Hiram Dixon for a patent for an improved method of bookkeeping. The applicant appeals from a decision of the commissioner of patents rejecting his application.]

MORSELL, Circuit Judge. The nature of the invention he thus states: "The nature of my invention consists in the application of a certain combination and composition of ruled columns to expedite, simplify, and prevent error and fraud in mercantile accounts, and whereby a balance sheet and statement of assets and liabilities are constantly shown without consulting the ledger with greater accuracy, less trouble and a material saving in labor, being at the same time a constant check against error; and by no other means now extant or known to me, so far as I have been able to ascertain, can these or similar results be produced." In his summary he says: "What I claim as my invention and desire to secure by letters patent is the application of a certain combination and composition of ruled columns in sections to accounts which will show a constant balance thereof, with statement of assets and liabilities on every page of the journal, as herein described, without consulting the ledger, using for that purpose the aforesaid combination in books of accounts, whether journals, cash books or any others. substantially the same, and which will produce the intended effect."

The commissioner's decision adopts the report of the examiners, dated 11th July, 1860, which says: "In this case the alleged invention consists in a mode of keeping mercantile accounts whereby a balance sheet and statement of assets and liabilities are constantly shown without consulting the ledger. The whole system is laid down upon a single sheet which at a glance shows, in appropriate columns, total accounts, personal accounts, cash, bills receivable, bills payable, together with a column showing the state of the concern, with columns for outlay and return. This, to our mind, is a method of teaching bookkeeping," etc., and cites a case decided by Judge Mason to show that such a case is not patentable, that is confirmed by the commissioner 12th July, 1860. To this decision the appellant filed the following reason of appeal: That the patent office has failed to make it appear that the invention claimed by the said Dixon has been invented or discovered by any other person in this country prior to the alleged invention or discovery thereof by the applicant, or that it had been patented or described in any printed publication in this or any foreign country, or had been in public use or on sale with the applicant's consent or allowance prior to the application of said Dixon.

The commissioner's report, in reply to the reasons of appeal, notices what is hereinbefore recited as to the nature of the invention as stated by the appellant in his specification, and says: "The office has treated this application as presenting no proper subject matter for the protection of letters patent." The

single reason of appeal alleges, etc. (as just above recited). The report proceeds: "The invention sets forth nothing more than a mode of presenting the journal entries of a regular business in a tabular form for the convenience of instant reference; and even if this were in its strict sense an invention, it could not be fairly brought within the enumerated subjects for patent protection in our organic patent law, which is limited to an art, machine, manufacture, or composition of matter, or an improvement or any of these." Now it is well known that finance commerce, manufactures, statistics, etc., are all represented by tabular statements, and, like the tables of the appellant, are designed for convenience, whilst the ledger of the accountant is in itself a tabular statement of a current business, and only somewhat different in arrangement from the method adopted by the appellant. Does it then require any further argument to show that this columnar statement of the daily condition of a well kept set of books is not new?

I shall not recite the second ground upon which the commissioner rests his report, and I shall give no opinion on that point here, having in other cases of appeal from the office expressed my views upon full investigation. This then was the case presented when, according to previous notice, all the original papers were duly laid before me, and the appellant by his attorney appearing also filed his written argument and submitted the case. Upon full consideration of this, my conclusion is that the decision of this case by the commissioner is correct and ought to be affirmed, and I do accordingly affirm the same.